HECKERT v. CENTRAL DISTRICT & PRINTING TELEGRAPH CO.

(Circuit Court of Appeals, Fourth District. July 11, 1913.)

No. 1,146.

1. APPEAL AND ERROR (§ 917*)—DEMURRER TO DECLARATION—REVIEW.

On a writ of error to review an order sustaining a demurrer to the declaration, the allegations contained in the declaration, with all reasonable inferences to be drawn therefrom, are to be treated as true.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3706–3709; Dec. Dig. § 917.*]

2. MASTER AND SERVANT (§ 106*)—INJURIES TO SERVANT—DANGEROUS PLACE—ELECTRICAL APPLIANCES.

Where defendant telephone company permitted a city and an electric company to place high tension electric wires on the company's telephone poles, and defendant failed to install a circuit breaker resulting in injury to plaintiff, an employé, while at work on the pole, defendant could not be exonerated from liability because the agency which was the cause of the injury was placed by the city or the electric company in close proximity to where plaintiff was required to work, under the rule that, where a servant is injured by two contributing causes, for one of which the master is liable, and not for the other, the master cannot escape liability, though defendant was not chargeable with the negligence of the city or the electric company.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 193–198; Dec. Dig. § 106.*]

3. MASTER AND SERVANT (§ 106*)—INJURIES TO SERVANT—SAFE PLACE TO WORK.

Where defendant telephone company permitted a city to construct high tension electric wires on defendant's telephone poles, it thereby became defendant's duty to see that such steps were taken as were reasonably necessary, by requiring insulation or otherwise, to protect its employés from injury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 193–198; Dec. Dig. § 106.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. MASTER AND SERVANT (§§ 285, 286*)—INJURIES TO SERVANT—ELECTRICITY—
PROXIMATE CAUSE—QUESTION FOR JURY.

Where defendant telephone company permitted a city and an electric
company to string high tension electric wires on its telephone poles and
did not install circuit breakers or other safety appliances, and plaintiff
was injured while at work on one of such poles by coming in contact with
a high tension wire, whether defendant was negligent and whether its
negligence was the proximate cause of the injury was for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§
1001–1003, 1006–1008, 1010–1016, 1017–1033, 1035–1044, 1046–1050, 1053;
Dec. Dig. §§ 285, 286.*]

In Error to the District Court of the United States for the Northern District of West Virginia, at Philippi; Alston G. Dayton, Judge.

Action by Ernest C. Heckert against the Central District & Printing Telegraph Company. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

This is an action at law brought by the plaintiff in error against the Central District & Printing Telegraph Company, defendant in error, in the District Court of the United States for the Northern District of West Virginia.

The plaintiff in error will be referred to as "plaintiff" and defendant in error will be referred to as "defendant."

The cause of action is alleged in detail in the declaration, which will be epitomized as follows:

The defendant was engaged in the telephone business in the city of Grafton, W. Va., maintaining its telephone lines on the streets and alleys of the city. Among its lines were those over St. Marys street and Latrobe street, and at the junction of those streets. One of the telephone poles, about 40 feet high, stood at that junction. Near the top of this pole was a crosspiece to which the wires of the telephone line were attached. It was the duty of the employés of the telephone company to climb this pole and work at and near the top.

The city of Grafton owns its own electric light plant and lighting system, and the telephone company permitted the city to use said pole for the purpose of attaching to it a span wire leading from an electric light pole or electric light lamp of the city to said telephone pole. The electric light lamp was suspended over the street at the said junction, and on the north or northwest of Latrobe and St. Marys street, at that point, the city had an electric light pole, opposite to which was the telephone pole of the defendant, and near the top of the telephone pole was attached the span wire leading from the electric light pole to the telephone pole. This span wire supported the electric light lamp over the streets, and at the time of the injury complained of the span wire was against or within a few inches of a wire or wires belonging to the Grafton Gas & Electric Light Company, which last-named wire or wires were not insulated at the point where they rested against the span wire and which were used in conveying large currents of electricity. No current breaker was installed on the span wire between the defendant's telephone pole to which it was attached and the point where the electric light company's wires rested upon or came in close proximity to it. This greatly endangered the safety of the employés of the telephone company who might and did have to work on or at or near the top of said telephone pole.

The plaintiff was in the employ of the defendant as a lineman for hire, wages, and reward. His duties consisted, among other things, in stringing wires on the poles of the telephone lines of the defendant and in repairing its wires and climbing poles to cut wires in order to splice them. On May 6, 1911, it was necessary for him to go up the aforesaid pole to work thereon and cut one of the wires on the pole in order to splice it.

It is charged in the declaration that it was the duty of the defendant to furnish the plaintiff a reasonably safe and secure place in which to work and to use due care that the telephone pole and the span wire and attachments

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

should be in safe and proper condition so that the plaintiff could work thereon with safety. It is also charged that the telephone pole was an insecure and unsafe place in which to work because the span wire was resting upon or in close proximity with the wires of the electric light company conveying high currents of electricity. It is alleged that all of this was unknown to the plaintiff, but that the defendant knew or had reason to know thereof, and that it was the duty of the defendant to render the telephone pole a safe place upon which to work by removing the span wire or by having a proper circuit breaker installed thereon between the telephone pole and the point where the span wire crossed the electric light company's wires. It is also alleged that the defendant wholly disregarded its duty and suffered and permitted the span wire to remain attached to the telephone pole in the aforesaid condition for about nine months.

It is further alleged that on the date above mentioned, May 6, 1911, the electric light company's wires were charged with a strong and powerful current of electricity dangerous to human life; and the plaintiff, while in the exercise of ordinary care, and wholly ignorant of the close proximity of the said electric light wires to said span wire or telephone pole, and of the fact that the electric light company's wires were not insulated and that the said telephone pole was an unsafe and insecure place to work, while in the performance of his duty as lineman, went on the pole to work thereon; and while ascending, without any fault or negligence on his part, and in consequence of the negligence and carelessness of the defendant in permitting the span wire to be attached to the pole, or to be attached thereto without proper circuit breaker thereon, he came in contact with the span wire and received a current of electricity passing from the electric light company's wire through the span wire into his body by which he was greatly shocked, and his hands, feet, and other members of his body burned and injured, to his damage $20,000.

The defendant demurred to the declaration; and the District Court sustained the demurrer, dismissed the action, and rendered judgment for costs against the plaintiff. The plaintiff excepted to the ruling of the lower court, and the case comes here on writ of error.

Warder & Robinson, of Grafton, W. Va., for plaintiff in error.
W. S. Meredith, of Fairmont, W. Va., for defendant in error.

Before PRITCHARD, Circuit Judge, and BOYD and SMITH, District Judges.

PRITCHARD, Circuit Judge (after stating the facts as above). While the record is silent as to the grounds upon which the demurrer to the declaration was sustained, we gather from the contention of counsel that the learned judge who heard the case in the court below was of the opinion that the facts upon which plaintiff relied to sustain the charges of negligence against the defendant were innocent in themselves, and that had it not been for the negligent act of the city as well as that of the electric company plaintiff would not have sustained any injury. In other words, that the negligent acts of the defendant complained of by the plaintiff were not the proximate cause of the injury; and further that the plaintiff assumed the risk incident to his employment.

The first question that arises is whether the defendant, in permitting the city of Grafton the use of its poles, was charged with the duty of taking reasonable precaution to make its poles where its employés were required to work reasonably safe in view of their use by the city.

The plaintiff insists that the defendant was negligent in that it permitted a condition to exist which endangered the safety of its em-

ployés; that it was the unsafe condition of the span wire on account of the failure to install a circuit breaker that resulted in the injury.

[1] In considering this question the allegations contained in the declaration, with all reasonable inferences to be drawn therefrom, are upon the demurrer to be treated as true. It was undoubtedly the duty of the defendant to provide a reasonably safe place for the employés in which to work, and the test in this instance is whether the defendant failed to exercise due care as to the span wire at a time when it had knowledge as to existing conditions, or by the exercise of reasonable diligence could have known thereof.

[2] It is true that the defendant is not chargeable with the negligence of the city of Grafton or the electric company, but, if the defendant negligently permitted the city to use its poles without installing a circuit breaker and an injury resulted therefrom, the defendant cannot be exonerated because of the fact that the agency which was the cause of the injury was placed by another in close proximity to where the plaintiff was required to work.

[3] It should be borne in mind that, among other things, it is alleged in the complaint that the city of Grafton obtained permission from the defendant company to attach its wires to the telephone poles, and, such being the case, it thereby became the duty of the defendant company to see that such steps were taken as were reasonably necessary, by requiring insulation or otherwise, to protect its employés.

The allegation is that the defendant was negligent in that it took no precaution to provide against the danger to which a highly charged exposed wire subjected its employés, and that the defendant knew or by due care would have known of the danger. We do not think it can be said that if the facts alleged are established by proof the court would be warranted in holding as a legal inference that they furnish no evidence of actionable negligence by the defendant. On the contrary, it seems clear that proof of the knowledge of the conditions alleged or of such facts as imposed the duty to know them, and of the failure of the master to guard against them, would raise an issue of negligence to be decided by the jury.

In the case of Barto v. Iowa Telephone Co., 126 Iowa, 241, 101 N. W. 876, 106 Am. St. Rep. 347, this question was passed upon by that state; the first syllabus being in the following language:

"A telephone company which acquiesces in the use of its poles by an electric company is charged with the duty of seeing to it that the light wires do not expose its employés to unusual danger."

Also the second syllabus is to the effect that:

"A telephone company, permitting the use of its poles for carrying electric light wires must use a degree of care for the protection of its employés commensurate with the danger involved."

Also in section 666a, p. 1073, 2 Joyce on Electricity, is to be found the following statement as to the rule in such cases:

"* * * Where a telegraph or telephone company permits another electrical company, whose wires are used to convey a dangerous current of electricity, to use its poles, it is decided that it is the duty of the former company to see that they were not so used as to expose its employés to perils the risks of which were not assumed in entering such hazardous employment. So,

where a lineman in the employ of a telephone company which permitted an electric light company to attach wires to its poles was injured by a shock of electricity from a defectively insulated light wire while on a telephone pole in the prosecution of his work, it was held that the questions of negligence were properly submitted to the jury and a verdict against the telephone company was affirmed. *  *  *"

While the use of electricity for economic purposes is rapidly increasing, yet it must be admitted that it is one of the most dangerous agencies when not properly safeguarded by insulation or otherwise. This is a fact that is within the common knowledge of all, and as to which the defendant had full knowledge at the time it permitted the use of its poles by the electric company.

[4] Whether or not the defendant's negligence was the proximate cause of the injury is for the jury. The defense that the injury resulted wholly or proximately from the negligence of another, and that it was not the defendant's duty to anticipate and provide against the unlawful negligence of another, can be set up in the answer so as defendant can have the benefit of any such defense as the testimony on the trial may entitle him to.

The facts in this case are easily distinguished from the facts in the cases relied upon by counsel for defendant in error. Therefore we are of the opinion that they do not apply to the case at bar.

After a careful consideration of the allegations contained in the declaration, we are of the opinion that the plaintiff has stated a good cause of action, and that the court below erred in sustaining the demurrer thereto.

For the reasons hereinbefore stated, it follows that the judgment of the lower court must be reversed and the cause remanded for further proceedings in accordance with the views herein expressed.

Reversed.